IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-342-JPG |
| | ) |
| CARL MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT District Judge:**

Plaintiff, an inmate at the Tamms Correctional Center, brings this action for deprivations of his constitutional and statutory rights. This case is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Before conducting this preliminary review, however, the Court will consider Plaintiff's motion to amend his complaint (Doc. 9).

Rule 15(a) of the Federal Rules of Civil Procedure expressly grants a plaintiff the right to amend his complaint once as a matter of course before a responsive pleading is served. No responsive pleading has been served by the defendants in this case and, therefore, Plaintiff's motion to amend his complaint (Doc. 9) is **GRANTED**. The amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, it is the amended complaint which the Court will review for purposes of § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE AMENDED COMPLAINT**

Plaintiff's amended complaint has proven to be a challenge to review. The body of the amended complaint consists of 90 separately numbered, handwritten paragraphs. Each numbered paragraph of the amended complaint refers to and incorporates an exhibit or exhibits.[1] These exhibits, however, were not attached to the amended complaint.[2] In so far as the Court can tell, no exhibits were even sent by Plaintiff with the proposed amended complaint.[3] The Court's records indicate that exhibits (Doc. 6) were sent a couple of weeks *after* the original complaint was filed and months *before* the amended complaint was sent to the Court.

The exhibits consist of approximately 285 original documents in a variety of sizes.[4] Some of the exhibits are single-sided while some are double-sided. Because the exhibits were not attached to the amended complaint, the exhibits are physically separated from the amended complaint and are contained in separate portion of the Court's file from the amended complaint. The last exhibit bears the number "exh. 324," but, as noted above, there are only about 285 separate documents. The Court notes that the following exhibit numbers could not be located in the package Plaintiff submitted: 43, 44, 266, 284-297, 299-304, 307-312, and 318-320..

---

[1] For example, paragraph F58 states that "On November 7, 08, I filed a grievance alleging that defendant Miller had unjustifiably refust [sic] my request to obtain a Mezuzah (a Jewish religious item). (See exhibits 194-197)."

[2] While Plaintiff provided the Court with service copies of his proposed amended complaint, even the service copies did not include the exhibits.

[3] The Court notes that the exhibits were also not attached to the original complaint (Doc. 1).

[4] These documents consist of grievances, authorization for payment forms, magazine articles, and other assorted papers.

Ignoring the exhibits for a moment, the gist of Plaintiff's amended complaint is that since changing his religion to Judaism, he has been denied the right to freely exercise his religion in violation of his First Amendment rights and in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.* Specifically, the amended complaint alleges that Plaintiff has been unable to obtain various religious items (Torah, Siddur, etc.), that he has been denied a kosher diet (especially one free from pork byproducts), that he has been denied group religious activities, that he is being subjected to grooming policies which violate his religious beliefs, and that he has been denied clothing that complies with his religious beliefs. The amended complaint also appears to claim that the meals which Plaintiff has been served are not nutritionally adequate because Plaintiff has lost significant weight. Finally, the amended complaint alleges that Plaintiff has been retaliated against for filing grievances. The retaliation includes "allowing [Plaintiff] to go without wearable/useable clothing/linens for many months." Although the caption of the amended complaint names 19 total defendants, the allegations in the amended complaint (excluding the exhibits) involve just Defendants Miller, Griswald, Sullivan, Scheiman, Moore, Ford, Osman, Dillon, and Houston.

Based on the allegations of the amended complaint (excluding the exhibits), the Court finds it convenient to divide Plaintiff's *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Miller, Scheiman, Sullivan, Dillon, Houston, and Osman for denying Plaintiff his right to freely exercise his religion in violation of the First Amendment and RLIUPA by refusing to provide Plaintiff with meals satisfying his religious needs, by denying him access to certain religious items, by denying him group religious worship, by the imposition of grooming policies that contradict his religious beliefs, and by failing to

> provide him with clothing that complies with his religious beliefs.

**COUNT 2:** Against Defendants Sullivan and Griswald for denying Plaintiff his right to be free from cruel and unusual punishment under the Eighth Amendment by failing to provide him with adequate and sufficient food.

**COUNT 3:** Against Defendants Sullivan, Dillon, Houston, Osman, Moore, and Ford for retaliating against Plaintiff for filing grievances concerning the burdens placed on the free exercise of his religion.

With respect to the other 10 defendants, however, the amended complaint (excluding the exhibits) is silent. In lieu of making fact allegations concerning these 10 defendants, Plaintiff effectively directs the Court - and the defendants - "to see the exhibits" in order to figure out why they are being sued. As such, the amended complaint - with regard to these 10 other defendants - fails to comply with Rule 8(a)(2).

The Court notes that Plaintiff did file a "Memorandum of Law in Support of Plaintiff's 42 U.S.C. Section 1983, 1985(3), and 2000cc Civil Complaint." This memorandum was sent along with Plaintiff's original complaint (Doc. 1) and filed along with it. Plaintiff's memorandum provides further insight into the claims he wished to assert in the original complaint. Because the amended complaint is very similar to the original complaint, the memorandum also provides insight into the claims Plaintiff wished to assert in the amended complaint. Armed with the amended complaint, the exhibits, and the memorandum (and cross-referencing them as necessary), the Court (and the defendants) might eventually be able to discern additional claims than those identified in Counts 1, 2, and 3 above, but that is just further evidence that the instant amended complaint largely fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Neither the Court nor the defendants should be forced to hunt through 285 pages of exhibits to track down all of Plaintiff's claims. Therefore, all other claims - except those identified in Counts 1, 2, and 3 above - against all

defendants are **DISMISSED**, without prejudice, for failing to comply with Rule 8(a)(2).

## DISCUSSION

### A. Free exercise of religion.

With regard to Count 1, the law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, Count 1 of the amended complaint survives threshold review and should not be dismissed at this time.

### B. Adequate nutrition.

With regard to Count 2, to establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In the case at hand, Plaintiff contends that the meals he has been served are nutritionally inadequate. In support of this claim, Plaintiff asserts that he has lost substantial weight. Based on these allegations, Count 2 survives threshold review and should not be dismissed at this time.

**C. Retaliation.**.

With regard to Count 3, prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). An action is considered retaliatory if it would "'deter a person of ordinary firmness'" from exercising his First Amendment rights in the future. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*quoting*, *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). Based on the allegations in the amended complaint, the Court finds that Count 3 survives threshold review and should not be dismissed at this time.

**OTHER PENDING MOTIONS**

Also before the Court are Plaintiff's motions for appointment of counsel and to be excused from meeting the specific requirements for prisoners registering civil complaints (Doc. 3) and his motion for a temporary restraining order (TRO) and preliminary injunction (Doc. 8). With regard to Plaintiff's motion for appointment of counsel, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all what attempts, if any, that Plaintiff has made to obtain

counsel.[5]  Therefore, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice.

With regard to his motion "to be excused from meeting the specific requirements for prisoners registering civil complaints" (Doc. 3), while this Court is required to liberally construe *pro se* actions filed by prisoners, prisoners are not free to ignore either the Federal Rules of Civil Procedure or the Local Rules of this Court.  Therefore, Plaintiff's motion "to be excused from meeting the specific requirements for prisoners registering civil complaints" (Doc. 3) is **DENIED**.

Plaintiff's motion for a TRO and preliminary injunction (Doc. 7) is **REFERRED** to a United States Magistrate Judge.

### DISPOSITION

Plaintiff's motion to amend his complaint (Doc. 9) is **GRANTED**.  The Clerk of Court is **DIRECTED** to file the proposed amended complaint accompanying Plaintiff's motion to amend as Plaintiff's first amended complaint.

**IT IS FURTHER ORDERED** that, except for Counts 1, 2, and 3 of the amended complaint identified above, all of Plaintiff's claims are **DISMISSED** without prejudice for failing to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that because there are no claims pending against them, Defendants Bartley, Morris, Johnson, Abramson, Anderson, and "5 Unknown Food Service Santitaion Supervisors, John Does 1 - 5" are **DISMISSED** without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

---

[5] In his memorandum of law concerning his motion to appoint counsel (Doc. 4), Plaintiff directs the Court to "see exhibits C1 - C7." but no such exhibits are attached to the memorandum or found in with Plaintiff's other exhibits (Doc. 6).

of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Miller, Griswald, Sullivan, Scheiman, Moore, Ford, Osman, Dillon, and Houston. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the amended complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Miller, Griswald, Sullivan, Scheiman, Moore, Ford, Osman, Dillon, and Houston in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the amended complaint, the exhibits (Doc. 6) applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. This referral includes, but is not limited to, Plaintiff's motion for a TRO and preliminary injunction (Doc. 7).

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**.

**Dated: 2/16/2010.**

                                                  s/ J. Phil Gilbert
                                                  **U. S. District Judge**