UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE WALLACE,

     Plaintiff,

v.

CARL MILLER, *et al.*,

     Defendants.

Case No. 09-cv-342-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 33) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny plaintiff Maurice Wallace's motion for a temporary restraining order and a preliminary injunction (Doc. 7). Wallace has objected to the Report (Doc. 35).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Wallace, an inmate at Tamms Correctional Center ("Tamms"), brought this case because he believes prison personnel are impermissibly preventing him from observing his religious diet, customs, dress and worship in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.* (Count 1). He also believes the diet he is being given is nutritionally insufficient (Count 2) and that prison personnel are retaliating

against him for filing grievances about the foregoing (Count 3).  In his motion for a temporary restraining order and a preliminary injunction, he asks the Court to force the defendants to allow Wallace to use his new Jewish name, to provide kosher, prepackaged food for Wallace's consumption on the Sabbath, and to allow him to observe Jewish customs and rites such as, for example, wearing a yarmulke, performing benedictions, wearing a beard and earlocks and observing the Sabbath, holidays and fasting dates.

The Report found that Wallace had not carried his burden of showing he would suffer irreparable harm absent preliminary injunctive relief.  Wallace objects to the Report, noting that between November 2007 and May 2008, he lost 75 pounds because of an insufficient diet.

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998).  A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States HUD*, 186 F.3d 805, 811 (7th Cir. 1999).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811.  "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam));  *accord Winter v. Natural*

*Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).  When deciding a motion for temporary injunction, the Court applies the same standard as it does to a motion for a preliminary injunction.  *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001).

The Court believes the Report may not be correct in its finding of no irreparable harm.  This is because courts in other jurisdictions have held that irreparable harm is established whenever a prisoner's right to exercise his religion is substantially burdened.  *See Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001).

The Court is hampered in making its final decision about the propriety of injunctive relief by the lack of a response from the defendants.  The Court **ORDERS** the defendants to respond to Wallace's motion for a temporary restraining order and preliminary injunction (Doc. 7) on or before June 11, 2010.  The Court **RESERVES RULING** on the motion (Doc. 7) and the Report (Doc. 33) pending receipt of the defendants' response.

**IT IS SO ORDERED.**
**DATED:  May 14, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**