UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE WALLACE,

    Plaintiff,

v.

CARL MILLER, *et al.*,

    Defendants.

Case No. 09-cv-342-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to alter or amend judgment or, in the alternative, for relief from judgment filed by plaintiff Maurice Wallace (Doc. 57). Wallace asks the Court to reconsider its July 20, 2010, order (Doc. 54) denying his motion for a temporary restraining order and a preliminary injunction (Doc. 7). The Court considers the motion under Federal Rule of Civil Procedure 59(e) since it is a substantive motion for reconsideration of an appealable order filed within 28 days of entry of the challenged order and it alleges errors of law and fact. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label), *cert. denied,* 129 S. Ct. 417 (2008); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been

presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Wallace asserts the Court made manifest errors of law or fact in its decision to deny him preliminary injunctive relief. However, Wallace simply reiterates the arguments he made in his original motion or makes new arguments he could have and should have made in his original motion. Wallace has not established a basis for relief under Rule 59(e).

Were the Court to consider the motion under Rule 60(b), it would still deny it. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Wallace has not shown any exceptional circumstances that warrant relief under Rule 60(b).

Finally, to the extent Wallace complains that the Court did not consider the documents he tendered the Court after briefing on the motion for a temporary restraining order and preliminary injunction was complete, that objection is without merit. Those documents were filed in connection with another motion. It is the movant's burden to supply the necessary evidence in connection with the motion with which he wants them considered, to cite to that evidence at the appropriate places in his brief and to explain how they support his argument. Wallace failed to do this, and it is not the Court's job to comb through the files to find Wallace's evidence for him. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). If he intended to tender his additional exhibits as a reply brief, the reply was late, and even if it had been on time, the Court would not have considered arguments raised for the first time in a reply brief. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (arguments in support of the motion that are raised for the first time in a reply brief are waived).

For the foregoing reasons, the Court **DENIES** Wallace's motion to alter or amend judgment or, in the alternative, for relief from judgment (Doc. 57).

**IT IS SO ORDERED.**
**DATED:  October 21, 2010**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**